[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REQUEST BY DEFENDANT SHELL OIL TO FILE CROSS-CLAIM AGAINST DEFENDANT RYKO MANUFACTURING COMPANY
On September 14, 2001, defendant Shell Oil Company ("Shell") filed a revised request for adjudication of a request for leave to open the pleadings in the above-captioned case by filing a cross-claim against another defendant, Ryko Manufacturing Company ("Ryko"). This court has previously denied a motion by Shell to file a crossclaim against another defendant, for the reason that trial on the merits is scheduled for February 5, 2002, and the opening of the pleadings, with a round of motions addressed thereto and discovery of the claims therein, would prevent the trial from occurring as scheduled.
This case has been under active management on this docket since June 12, 2000, when the trial date was set by agreement of all parties. Ryko was a defendant at that time. This case has been pending since 1997, and Shell has had ample time, in the exercise of diligence and with knowledge of the trial date, to have acted much earlier to seek any amendments at a time that would not require delay of the trial. Shell asserts that it has only just learned the details of the testimony of a particular expert CT Page 13129 witness, Leslie Wilder, when it deposed him on August 9, 2001; however, Mr. Wilder had been disclosed as a witness and the scope of his testimony has thus been known to Shell since February 2001.
A motion to expand the issues by filing new pleadings is a motion addressed to the discretion of the court. That discretion may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. AirKaman, Inc. v. Groppo,221 Conn. 751, 766 (1992).
Shell's belated desire to assert a claim against a party whose involvement in the events at issue has long been known to it is not a reason to delay the trial or to require Ryko to engage in a hurried course of pleading and preparation to meet a new claim. Trial of this case involves multiple parties, witnesses and counsel who have had to clear their schedules to try this case on the designated date. The court's schedule is almost entirely booked with other trials for the next eighteen months. It is not possible to grant Shell's request without substantial and unwarranted disruptions to other parties.
Conclusion
For the foregoing reason, the request is denied.
Beverly J. Hodgson Judge of the Superior Court